IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TODD STEPHEN NEISLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-209-WKW |
| | ) [WO] |
| KAY IVEY, WARDEN CROW, | ) |
| WARDEN BROWN, and JEFF | ) |
| DUNN, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Todd Stephen Neisler, an inmate in the custody of the Alabama Department of Corrections, filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while incarcerated at the Elmore Correctional Facility. Contemporaneously with the initiation of his complaint on February 26, 2025, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 2.) In an Order entered on March 24, 2025, the court directed Plaintiff to submit an inmate account statement by April 7, 2025. (Doc. # 7.) The Order also cautioned Plaintiff that his failure to comply with the Order would result in the dismissal of this action. (Doc. # 7 at 2.) To date, Plaintiff has not filed an account statement or otherwise responded to the Order.

Because Plaintiff has failed to prosecute this action and comply with the court's Order, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the court finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 22nd day of April, 2025.

                                              /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE